UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KASHIF M. ROBERTSON, | : | CIVIL NO: 1:14-CV-00846 |
| | : | |
| Plaintiff | : | |
| | : | (Judge Kane) |
| v. | : | |
| | : | (Magistrate Judge Schwab) |
| DARRIN A. BATES, | : | |
| NICHOLAS ISHMAN and | : | |
| JOSHUA HAMMER, | : | |
| | : | |
| Defendants | : | |

## ORDER
December 15, 2014

By an Order dated June 30, 2014, we ordered that the complaint be served on

the defendants.   To date, however, it does not appear that the complaint has been

served.   To effect service as expeditiously as possible, the Clerk of Court is

specially appointed to serve a copy of the complaint, notice of lawsuit and request

for waiver of service of summons, waiver, and this order on each defendant.   The

Court requests that the defendants cooperate in efforts to simplify case

administration by waiving service pursuant to Fed.R.Civ.P. 4(d).[1]   The waiver

---

1 The intent of this order is to administer this matter in a manner consistent with
Federal Rule of Civil Procedure 1, "to secure the just, speedy, and inexpensive
determination of every action."

requests shall inform the defendants both of the consequences of compliance and of failure to comply with the requests.   The defendants are permitted 30 days from the date the waiver requests are sent (60 days if addressed outside any judicial district of the United States) to return the signed waivers or electronically file them in the court's Electronic Case Filing (ECF) system.   If a signed waiver is not returned or electronically filed within the required time, an order shall be issued directing the Clerk's office to transmit the summons and a copy of the amended complaint to the U.S. Marshals Service for immediate service under Fed.R.Civ.P. 4(c)(1).

**IT IS FURTHER ORDERED** that the Court must have the complete name and address for each and every defendant named in the complaint in order to effect service.   Any defendant not properly identified will not be served.   Therefore, if the complaint lists unknown defendants or defendants without a proper mailing addresses, the plaintiff shall provide to the Clerk's Office, the completed required Notice of Waiver of Summons, Waiver of Summons, and USM 285 forms, for each defendant (unless the properly completed forms were sent to the Clerk with the complaint).   If the plaintiff does not have sufficient copies of the form to prepare one for each defendant, he or she may obtain additional forms from the Clerk of Court.   On this form the plaintiff must give the full name and complete address of each individual defendant.   If the plaintiff fails to give the Clerk's Office correct

2

instructions for mailing to any defendant, his claims against that defendant may be dismissed pursuant to Federal Rule of Civil Procedure 4(m).   The plaintiff is further advised that no defendant is required to respond to the complaint until he or she has accepted a copy of the complaint and waived service, or has been served. Therefore, a motion for default cannot properly be filed unless the defendant has failed to file an answer, a motion to dismiss, or a motion for additional time to respond, within 60 days after the notice has been mailed (if service is waived pursuant to the notice) or 21 days after being served the summons and complaint by the United States Marshal Service, which will be done for defendants who do not waive service.[2]

**IT IS FURTHER ORDERED** that the plaintiff shall immediately advise the Court of any change in address.   Failure to do so may result in dismissal for failure

---

[2] In addition, 42 U.S.C. § 1997e(g)(1) allows a defendant in a § 1983 action brought by a prisoner to waive a "reply" to the complaint and further prohibits any relief to the prisoner-plaintiff "unless a reply has been filed."   Thus, absent the failure of a defendant to comply with a Court Order pursuant to § 1997e(g)(2) requiring defendants to file a reply, no default judgment shall be entered. *See, Thomas v. Lawler*, No. 1:10-CV-2436, 2012 WL 2367173, at *1-2 (M.D. Pa. June 21, 2012).

to prosecute if the Court and other parties are unable to serve pleadings, orders, and

other documents upon the plaintiff.


*S/Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge