January 7, 2015

Superior Court Appeal No. 1730 MDA 2013

Kashif Robertson
# LF 2211
P.O. Box 1000
Houtzdale, PA. 16698

In re: Kashif Robertson V. Darrin A. Bates, Nicholas Ishman, and Joshua Hammer, CIVIL NO. 1:14-CV-00846.

Clerk of Court
U.S. District Court
Middle District of Pennsylvania
U.S. Courthouse
228 Walnut Street
P.O. Box 983
Harrisburg, PA. 17108

FILED
HARRISBURG, PA
JAN 1 2 2015

Attn: Clerk of Courts

  This correspondence is in reference to the Honorable Judge Kane's, P.J. Order issued on December 15, 2014 in the above listed matter. I am the plaintiff in this matter as you may know, when I filed my 1983 action against the defendants I was not forwarded the USM 285 forms, when I was forwarded the 1983 complaint by this Court. I ask that you please forward me (3) three blank USM 285 forms, so that I may be able to comply with the Court's Order accordingly.

  Additionally, I would be willing to waive a "reply" from the defendants in my complaint, and forfeit any relief available for any defendants failure to timely respond by Court Order to this complaint. Reason, for this decision is my appeal to the Pennsylvania Superior Court, was affirmed on December 16, 2014, and I am in the process of receiving Court appointed

Counsel from the Court of Common Pleas, of Dauphin County, to pursue an appeal to the Pennsylvania Supreme Court, of the Superior Court's Order.

Thus, I request a stay of abstention, but not dismissal altogether, as my claim cannot be adjudicated with my extant conviction given the Superior Courts decision to affirm my conviction. See Heck v. Humphrey, 512 U.S. 477, 487-88, 114 S.Ct. 2364, 129 L.Ed. 2d 383 (1984). Stating In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must proove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been validated is not cognizable under § 1983. (Id). By extension, a Section 1983 damages action cannot be used as collateral means to litigate issues that are or will be decided in the course of criminal proceedings.

Therefore, I request a stay and postponement of the adjudication of this civil complaint and allow me the oppurtunity to exhaust my state and federal court remedies to gain relief by overturning the extant conviction. This complaint was initially filed to preserve each claim in a timely manner according to the statue of Limitations to challenge each allegedged violation of my state and federal constitutional right of both Article I Section 8, and the Fourth Amendment.

Respectfully Submitted,
Kashf Robatoon

NAME Kashif Robertson
NUMBER LF 2211
P.O. BOX 1000
HOUTZDALE, PA 16698-1000

Inmate Mail
PA Department of Corrections



RECEIVED
JAN 12 2015
PER [signature]
HARRISBURG, PA.    DEPUTY CLERK

17108326566

United States District Court
Middle District of PA.
U.S. Courthouse
228 Walnut Street
P.O. Box 1000
Harrisburg, PA. 17108



Hasler
01/09/2015
US POSTAGE $000.48
ZIP 16698
011D12603937